IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

ELIZABETH J. PITTS,           )
                              )
                Plaintiff,    )
                              )
v.                            )      Case No. CIV-10-014-RAW
                              )
MICHAEL J. ASTRUE,            )
Commissioner of Social        )
Security Administration,      )
                              )
                Defendant.    )

## REPORT AND RECOMMENDATION

Plaintiff Elizabeth J. Pitts (the "Claimant") requests
judicial review of the decision of the Commissioner of the Social
Security Administration (the "Commissioner") denying Claimant's
application for disability benefits under the Social Security Act.
Claimant appeals the decision of the Administrative Law Judge
("ALJ") and asserts that the Commissioner erred because the ALJ
incorrectly determined that Claimant was not disabled. For the
reasons discussed below, it is the recommendation of the
undersigned that the Commissioner's decision be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the
"inability to engage in any substantial gainful activity by reason
of any medically determinable physical or mental impairment. . ."
42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally*, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence; and, second, whether the correct legal standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); <em>see also</em>, <u>Casias</u>, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on August 13, 1959 and was 50 years old at the time of the ALJ's decision. Claimant completed her high school education. Claimant has worked in the past as a chicken factory plant worker and a dishwasher. Claimant alleges an inability to work beginning June 1, 2007 due to limitations resulting from

hepatitis B and C, post traumatic stress syndrome ("PTSD"), and substance abuse.

## Procedural History

On July 25, 2007, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On May 7, 2009, an administrative hearing was held before ALJ Richard J. Kallsnick in Tahlequah, Oklahoma. On June 15, 2009, the ALJ issued an unfavorable decision on Claimant's application. On December 14, 2009, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform a full her past relevant work as a packer, production line worker, and dishwasher. The ALJ also found Claimant could perform a full range of light work with limitations at step five.

## Errors Alleged for Review

As an initial point of error, Claimant contends the matter should be remanded because the transcript of the administrative hearing contains "at least 58 inaudible responses." With regard to the merits of the disability claims, Claimant asserts the ALJ committed error in: (1) failing to find her migraine headaches and asthma/COPD as severe impairments; (2) failing to include all of Claimant's impairments in his RFC assessment; and (3) engaged in a faulty credibility analysis.

## State of the Record

This Court is troubled by the extensive use of the "inaudible" parenthetical in the hearing transcript. As Claimant indicates, many of the "inaudible" substitutions are made during Claimant's counsel's examination of the vocational expert. Defendant offers no explanation for the tattered state of the record. In most but not all instances, however, the meaning of the witnesses' testimony is discernible from the context of the answer provided. Remand will not be ordered based solely on this deficiency.

## Identification of Claimant's Severe Impairments

Claimant cites in her brief to 28 different instances from March of 2000 through December of 2008 where Claimant either sought treatment for migraine headaches or reported that she had recently

experienced the condition. Additionally, Claimant testified that when she experiences these headaches, they debilitate her for 8 hours to 2 days. (Tr. 32). Unfortunately, this is one of the areas in the hearing transcript where Claimant's response to how often she gets a migraine headache that "puts her down" is "inaudible."

Similarly, Claimant references 42 instances in the medical record where she sought treatment for respiratory conditions - mainly asthma, COPD, or bronchitis. Claimant testified she takes medication for her condition, uses a nebulizer three times daily, and an inhaler four times daily. She cannot be around dusty areas with smells or heat, cold, or humidity. (Tr. 28-29).

On November 6, 2007, Dr. Luther Woodcock completed a Physical Residual Functional Capacity Assessment form on Claimant. He only indicated restrictions in the exposure to fumes, odors, dusts, gases, poor ventilation, etc. due to Claimant's pulmonary disorders. He found no restrictions based upon Claimant's migraine headaches. (Tr. 324).

At step two of the sequential evaluation process, the claimant bears the burden of making "a threshold showing that his medically determinable impairment or combination of impairments significantly limits his ability to do basic work activities." Williams v. Bowen, 844 F.2d 748, 752 (10th Cir. 1988). The step two determination is

6

based on medical factors alone. Id. at 750. The claimant must make a "de minimis showing of medical severity" or the evaluation process ends, and benefits are denied. Id. at 751. While Claimant has demonstrated that she certainly suffers from these impairments, at no time has a medical professional suggested or stated that these conditions pose a limitation upon Claimant's ability to do basic work activities. In his RFC assessment, the ALJ made an accommodation for exposure to fumes, odors, dusts, gases, and poor ventilation. (Tr. 13). This Court finds no error in the ALJ's exclusion of these conditions as severe impairments.

### RFC Evaluation

Claimant suggests that the ALJ's RFC assessment is erroneous because it did not sufficiently restrict Claimant's environment to include climate control or air conditioning. Again, treating physician or consultative professional has suggested that climate control is a necessary restriction due to one or more of Claimant's medical conditions. Although much of counsel's questioning of the vocational expert in this case was "inaudible" on this issue, the hypotheticals posed by Claimant's attorney were not supported by the medical evidence. (Tr. 37-39). Accordingly, this Court finds no error in the ALJ's RFC determination.

### Credibility Determination

The ALJ determined the intensity, persistence, and limiting effects of Claimant's claims of pain were not consistent with the medical record. It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc.

Sec. R. 96-7p; 1996 WL 374186, 3. This Court has reviewed the medical evidence in light of these factors and find no basis for the reversal of the ALJ's credibility findings.

### Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 16th day of March, 2011.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE